**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

\

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2009[*]
Decided November 9, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 09-1797

| | |
|---|---|
| JEROME CARR, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | South Bend Division. |
|     *v.* | |
| | No. 3:07-cv-00442-RL |
| PATRICK METALS, | |
|     *Defendant-Appellee*. | Rudy Lozano, *Judge*. |

O R D E R

Plaintiff Jerome Carr sued Patrick Metals, his former employer, alleging race discrimination and retaliation in the workplace based on his salary and discipline he received. *See* 42 U.S.C. §§ 2000e-5, 1981. Carr's complaint also includes state-law claims of fraud, intentional infliction of emotional distress and conspiracy. The district court granted

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

summary judgment in favor of Patrick Metals. Carr appeals, and we affirm the judgment of the district court.

Carr, who is African-American, worked as a general laborer for Patrick Metals from 2003 to 2007. Production employees at Patrick Metals are unionized, and from 2004 to 2006 Carr headed the union's collective bargaining unit committee. In that capacity, he wrote grievances on behalf of himself and his co-workers. At one point in late 2005, Carr assumed a new position with the company, but his pay was not increased accordingly. However, Patrick Metals soon acknowledged the mistake, adjusted Carr's salary and provided him with back pay. In May 2006, Carr accidentally broke a machine he was using and was given a written warning. He filed a grievance over the warning, but was unsuccessful. Then in September 2006, Carr was disciplined for making sexually inappropriate comments and using a controlled substance in the workplace. He filed grievances over the discipline, but was again unsuccessful. Although Patrick Metals disciplined Carr for these incidents, it did not punish him as harshly as company policy allows. In October 2006, Carr stepped down from his position with the union, and, in November 2007, he voluntarily resigned from Patrick Metals.

In this suit, Carr claimed that his initial substandard salary and the discipline imposed by the company resulted from racial discrimination and retaliation for his union activities. He maintained that Patrick Metals's actions toward him violated federal and state law and the company's collective bargaining agreement with the union.

The district court granted summary judgment to Patrick Metals, finding that Carr's failure to exhaust the grievance process available to him precluded any claim that the company had breached its collective bargaining agreement. The court also determined that Carr had provided insufficient evidence of racial discrimination or retaliation and that any claim of retaliation for union activities needed first to be presented to the National Labor Relations Board. The court then declined to exercise supplemental jurisdiction over Carr's state-law claims.

On appeal, Carr asserts generally that the district court did not take all of his evidence into account and relied improperly on unproven representations by Patrick Metals. He does not elaborate on the contention, nor does he support it with citations to the record or to legal authority. *See* Fed. R. App. P. 28(a)(9)(A). Although we construe pro se filings liberally, "any appellate brief, even one from a pro se litigant . . . must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

However, we can discern at least one argument that warrants discussion. Carr

maintains that the district court had federal question jurisdiction over his claims—an apparent challenge to the court's conclusion that it lacked jurisdiction to hear his union retaliation claim. To the extent that Carr can show he was disciplined in retaliation for participating in union activities, the district court was correct to find that it lacked jurisdiction over that claim. The National Labor Relations Board has primary jurisdiction over suits based on practices regulated by the National Labor Relations Act, *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959), and the filing of grievances is a protected "concerted activity" under the Act. *See Slusher v. NLRB*, 432 F.3d 715, 723 n.3 (7th Cir. 2005); 29 U.S.C. § 157. Because Carr's sole cognizable claim before this court is that Patrick Metals retaliated against him because of his protected union activities, he needed to file it first with the National Labor Relations Board.

The district court's judgment is AFFIRMED.

AFFIRMED